IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH S. HEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:02CV00296 (CKK) |
| | ) |
| DISTRICT OF COLUMBIA GOVERNMENT, ET AL. | ) |
| | ) |
| Defendants. | ) |

## ENTRY OF CONSENT JUDGMENT

The Court has reviewed and accepted the Stipulation for Entry of Consent Judgment filed by plaintiffs Joseph Heard, through his guardian *ad litem* Jonathan L. Stern, and the District of Columbia as a proper disposition of plaintiff's claims against the District of Columbia herein. Therefore,

IT IS HEREBY ORDERED that the Clerk of this Court enter Judgment in this matter for the plaintiff without any admission of liability by the District, according to the provisions of Federal Rule of Civil Procedure 58, and in accordance with the terms of the Stipulation between plaintiff and the District of Columbia.

IT IS FURTHER ORDERED that plaintiff Joseph Heard is adjudged incompetent for purposes of evaluating and accepting the District of Columbia's settlement offer herein, and that guardian *ad litem* Jonathan L. Stern is authorized to accept the District of Columbia's settlement offer on plaintiff's behalf.

IT IS FURTHER ORDERED that the Court has independently evaluated the fairness of the Consent Judgment, on the record as well as the District of Columbia's proposed payment under the Consent Judgment, and finds them to be fair and reasonable.

IT IS FURTHER ORDERED that said Consent Judgment shall release plaintiff's claims that were asserted or could have been asserted in this case or in any other proceeding against the District of Columbia, its officers, agents and employees, including but not limited to, Odie Washington, Patricia Britton, Leona Bennett, James Riddick, Joyce Jones, Marvin Brown, Jesse Hicks, Cynthia Hackett, Barbara Copeland, Carl White, Cheryl Warner, Michelle Giles, Elwood York, Althea Haynes, Benjamin Ellis, and Ronald Shansky. The Consent Judgment also releases all District of Columbia contractors other than the Center for Correctional Health and Policy Studies, Inc. ("CCHPS"), Stanley Harper, Joan Davage, Bruce Reid, Amelia Francis Scott, Warren Mebane, Bernadette Ahaiwe, Odita Yatco, Dianne Zigler, and Quest Diagnostics.

Judgment shall be so entered forthwith.

So ordered this 4 day of August, 2005.

_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH S. HEARD,<br><br>        Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>GOVERNMENT, ET AL.<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 1:02CV00296 (CKK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### STIPULATION FOR ENTRY OF CONSENT JUDGMENT

Plaintiff Joseph S. Heard, through his undersigned counsel and his guardian *ad litem*, Jonathan L. Stern, and defendant District of Columbia, through its undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, plaintiff filed his Second Amended Complaint in this action on August 13, 2004 against defendant District of Columbia and twenty-five other defendants, seeking to recover for personal injuries that he sustained while incarcerated in the D.C. Jail between October 13, 1999 and August 13, 2001 and during any stay at St. Elizabeth's Hospital up to the date of the filing of the Second Amended Complaint;

WHEREAS, defendant District of Columbia has contested the claims in the Second Amended Complaint against it; and

WHEREAS, plaintiff, through his guardian *ad litem*, and defendant District of Columbia have authorized their respective counsel to agree to the terms of a Consent Judgment and to sign this Stipulation for Entry of Consent Judgment on their behalf;



NOW THEREFORE, the parties hereby stipulate to a Consent Judgment on the following terms:

1. Plaintiff shall have consent judgment against defendant District of Columbia which does not admit liability on plaintiff's claims, in the amount of $1,100,000.00, plus reasonable costs including reasonable attorney's fees as agreed to by the parties or as determined by the Court that are available pursuant to 42 U.S.C. §§ 1988 and 12205 that were accrued as of February 3, 2005. The District of Columbia is opposed to payment for any fees accrued after February 3, 2005 as inconsistent with the offer of judgment and the settlement of the case, however the plaintiff disagrees with this characterization and reserves the right to receive costs and fees accrued between February 4, 2005 and the date of any final award of fees and costs that are found by the Court to be reasonable. Thus, under the Consent Judgment, plaintiff will receive an award of $1,100,000 from the District of Columbia and will also receive recovery from the District of Columbia of his reasonable costs, including reasonable attorney's fees as agreed to by the parties or determined by the Court. The District of Columbia reserves the right to argue a reduction for fees that plaintiff incurred by litigating this matter against CCHPS and the other Non Released Defendants, although Mr. Heard disputes the District's entitlement to such a reduction.

2. After the Court enters an Order on this Consent Judgment, plaintiff will file with the Court the documentation required to create a special needs trust for the benefit of Mr. Heard. Within sixty (60) days after the Court enters an Order on this Consent Judgment, the District shall make payment of $1,100,000 into said trust. If the Court does not approve said trust documents within the sixty-day payment period, that payment period shall be tolled until the Court approves such trust documents. If the District of Columbia does not make payment within

said sixty (60) days, interest shall accrue starting on the 61st day on the $1,100,000 at the statutory judgment rate until paid. In the event that the guardian *ad litem* opts for payment arrangements other than a special needs trust (i.e., in the form of cash payment, an annuity purchased by the District, or a combination of cash payment and an annuity purchased by the District), the District shall have 60 (sixty) days from the date that it is notified of the payment arrangements to make such payment.

3. By agreeing to this Consent Judgment, the District of Columbia hereby waives any claim against plaintiff of set-off or any other claim for recovery that could have been asserted by the District of Columbia or any District-controlled or operated entity, including, but not limited to, St. Elizabeth's Hospital. The District of Columbia shall not attempt to set off any amount from the full $1,100,000 dollars.

4. By agreeing to this Consent Judgment, plaintiff agrees to release, discharge, and dismiss his claims that were brought or that could have been brought in this action or any other lawsuit or proceeding that might have been brought relating to the transaction or occurrence made the subject of Mr. Heard's Second Amended Complaint against the District of Columbia and its officers, agents and employees, including but not limited to, Odie Washington, Patricia Britton, Leona Bennett, James Riddick, Joyce Jones, Marvin Brown, Jesse Hicks, Cynthia Hackett, Barbara Copeland, Carl White, Cheryl Warner, Michelle Giles, Elwood York, Althea Haynes, Benjamin Ellis, and Ronald Shansky (the "Released Defendants"). Defendant District of Columbia recognizes that plaintiff's claims against the other defendants in this action – Center for Correctional Health and Policy Studies, Inc. ("CCHPS"), Stanley Harper, Joan Davage, Bruce Reid, Amelia Francis Scott, Warren Mebane, Bernadette Ahaiwe, Odita Yatco, and Dianne Zigler (the "Non-Released Defendants") – as well as defendant Zigler's employer Quest

said sixty (60) days, interest shall accrue starting on the 61st day on the $1,100,000 at the statutory judgment rate until paid. In the event that the guardian *ad litem* opts for payment arrangements other than a special needs trust (i.e., in the form of cash payment, an annuity purchased by the District, or a combination of cash payment and an annuity purchased by the District), the District shall have 60 (sixty) days from the date that it is notified of the payment arrangements to make such payment.

3. By agreeing to this Consent Judgment, the District of Columbia hereby waives any claim against plaintiff of set-off or any other claim for recovery that could have been asserted by the District of Columbia or any District-controlled or operated entity, including, but not limited to, St. Elizabeth's Hospital. The District of Columbia shall not attempt to set off any amount from the full $1,100,000 dollars.

4. By agreeing to this Consent Judgment, plaintiff agrees to release, discharge, and dismiss his claims that were brought or that could have been brought in this action or any other lawsuit or proceeding that might have been brought relating to the transaction or occurrence made the subject of Mr. Heard's Second Amended Complaint against the District of Columbia and its officers, agents and employees, including but not limited to, Odie Washington, Patricia Britton, Leona Bennett, James Riddick, Joyce Jones, Marvin Brown, Jesse Hicks, Cynthia Hackett, Barbara Copeland, Carl White, Cheryl Warner, Michelle Giles, Elwood York, Althea Haynes, Benjamin Ellis, and Ronald Shansky (the "Released Defendants"). Defendant District of Columbia recognizes that plaintiff's claims against the other defendants in this action – Center for Correctional Health and Policy Studies, Inc. ("CCHPS"), Stanley Harper, Joan Davage, Bruce Reid, Amelia Francis Scott, Warren Mebane, Bernadette Ahaiwe, Odita Yatco, and Dianne Zigler (the "Non-Released Defendants") – as well as defendant Zigler's employer Quest

Diagnostics, are not released or affected in any other way by this Consent Judgment. Plaintiff acknowledges that these claims are expected to be settled separately between plaintiff and CCHPS.

5. By agreeing to this Consent Judgment, plaintiff agrees to defend and fully indemnify the Released Defendants for any claims for contribution that the Non-Released Defendants may bring against any of the Released Defendants arising out of plaintiff's incarceration in the D.C. Jail and/or care at St. Elizabeth's Hospital. By agreeing to this Consent Judgment, the District of Columbia agrees to waive any and all claims for any equitable credits or contribution or indemnification from or against any of the Non-Released Defendants for any amounts that the District of Columbia pays to Mr. Heard hereunder. However, as indicated in paragraph 1, The District of Columbia reserves the right to argue a reduction for fees that plaintiff incurred by litigating this matter against CCHPS and the other Non Released Defendants although Mr. Heard disputes the District's entitlement to such a reduction.

6. The Court shall retain jurisdiction over this matter for the purpose of enforcing compliance with the terms of this Consent Judgment. Any party may apply to this Court for such further orders and directions as may be necessary or appropriate for the construction and enforcement of the Consent Judgment.

Executed on this 15th day of June, 2005.

_____
John Moustakas (D.C. Bar No. 442076)
Paul R. Friedman (D.C. Bar No. 115852)
Adam M. Chud (D.C. Bar No. 468443)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 346-4000
Fax: (202) 346-4444
*Counsel for Plaintiff*

_____
Jonathan L. Stern, Esq.
*Guardian Ad Litem for Joseph Heard in this action*

_____
Michael A. Stern (D.C. Bar No. 354696)
    Chief, General Litigation II
Robert A. DeBerardinis, Jr. (D.C. Bar No. 335976)
    Assistant Attorney General, D.C.
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
Tel.: (202) 724-6602
Fax: (202) 727-3625
*Counsel for Defendant District of Columbia*